UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ESTHER WACHSMAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NACHSHON WACHSMAN,** *et al.***,**

   **Plaintiffs,**

v.

**ISLAMIC REPUBLIC OF IRAN,
IRANIAN MINISTRY OF INFORMATION AND SECURITY, and ISLAMIC REVOLUTIONARY GUARD CORP. OF IRAN,**

   **Defendants.**

**Civil Action No. 06-cv-00351 (RMU)**

**MOTION FOR JUDGMENT BY DEFAULT
AND REQUEST FOR EVIDENTIARY HEARING**

Plaintiffs, through undersigned counsel, respectfully move pursuant to Rule 55(b), Fed. R. Civ. P., for judgment by default and for an evidentiary hearing. In support thereof, the following is submitted:

1. The complaint was served on defendants Islamic Republic of Iran, the Ministry of Information and Security ("MOIS") and the Iranian Revolutionary Guard Corp via State Department channels on April 22, 2007 pursuant to 28 U.S.C. § 1608(a)(4). Defendants had until June 21, 2007 to file a responsive pleading. Thereafter, and up to the present, the defendants have failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure.

2. On July 6, 2007, the Clerk entered a default as to each defendant pursuant to Rule 55(a), Fed. R. Civ. P.

3. Plaintiffs now move for a judgment by default pursuant to Rule 55(b)(2), Fed. R. Civ. P. However, as provided for in relevant part in 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act,

> No judgment by default shall be entered by a court of the United States ... against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court...

*Id.*

4. Plaintiffs request the opportunity to establish their claims through the presentation of evidence satisfactory to the Court. As these cases against the Islamic Republic of Iran ("Iran"), MOIS and the Iranian Revolutionary Guard Corp have become more common in this District and often with overlapping evidence, some judges of this Court have proceeded in whole or in part by way of prior sworn testimony and evidentiary affidavits in these uncontested proceedings. *See, e.g., Weinstein v. Islamic Republic of Iran,* 175 F.Supp.2d 13, 21 (D.D.C. 2001) (Lambert, J.); *Jacobsen v. Islamic Republic of Iran, et al.,* Civil Action No. 02-1365 (Robertson, J.).

5. Plaintiffs are prepared to promptly submit to the Court verified documentary evidence sufficient to support a money judgment against Iran and its agencies and to file with the Court proposed findings of fact and conclusions of law. In the alternative, should the Court want to proceed by way of a trial with live testimony, Plaintiffs request that a trial date be set at the Court's convenience, with sufficient time to secure the attendance of witnesses from Israel.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that the Court grant their motion.

Dated: August 22, 2007

Respectfully submitted,

/s/ Emil Hirsch
Emil Hirsch (DC Bar No. 930479)
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803

2

       Telephone:  (202) 887-1400  
       Facsimile:  (202) 466-3215

*Attorneys for Plaintiff*

3