UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTHER WACHSMAN, *et al.*,  )
        Plaintiffs,  )
v.  ) Civil Action No. :06-00351 (RMU)
   )
IRANIAN REVOLUTIONARY GUARD  )
   CORP, *et al.*,  )
   )
        Defendants.  )

**MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE
DISTRICT OF COLUMBIA LAW FOR NEW YORK LAW**

This case involves the 1994 kidnapping and murder by Hamas of 19 year old Nachshon Wachsman, an American citizen then serving in the Israeli Army. Nachshon Wachsman's family, also American citizens residing in Israel, bring this action to seek compensation for their emotional distress and other losses stemming from Nachshon's death.

The Complaint in this action alleges specific causes of action under the statutory and common law of the State of New York, customary international law and specific rights of action under various Israeli statutes. In light of Beaty v. Republic of Iraq, 480 F. Supp. 2d 60, 90-93 (D.D.C. 2007), the Plaintiffs abandon any right of recovery under customary international law.

The Complaint states claims of intentional infliction of emotional distress ("IIED"), wrongful death and a survival action claim under the laws of the State of New York. Insofar as none of the Plaintiffs are able to demonstrate sufficient contacts to constitute New York domicile at the time of Nachshon's death, and insofar as the Bodoff v. Islamic Republic of Iran, 424 F. Supp. 2d 74 (D.D.C. 2006) and Haim v. Islamic Republic of Iran, 425 F. Supp. 2d 56 (D.D.C. 2006) decisions post-date the filing of this action, the Plaintiffs have determined to rely on District of Columbia law as to their individual IIED claims and on a combination of Israeli

1

and District of Columbia law with respect to the wrongful death claim in light of <u>Smith v. Hope Village, Inc.</u>, 481 F. Supp. 2d 172 (D.D.C. 2007).

In consideration of these circumstances and the fact that Plaintiffs did not simply rely in the Complaint on "generic torts", the Court should consistent with <u>Cicippio-Puleo v. Islamic Republic of Iran</u>, 353 F3d. 1024,1036; <u>Holland v. Islamic Republic of Iran</u>, 496 F. Supp. 2d. 1, 35 (D.D.C. 2005), and <u>Simpson v. Socialist People's Libyan Arab Jamahiriya</u>, 362 F. Supp. 2d 168, 183 (D.D.C. 2005), grant leave for Plaintiffs to amend their Complaint which bases and identifies their causes of action in accordance with their findings of fact and conclusions of law.

There is no need for service of this amended complaint on Defendants as none of the changes are substantial. *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006); *Dammarell v. Islamic Republic of Iran,* 370 F. Supp. 2d 218, 225 (D.D.C. 2005). The causes of action in the amended complaint are virtually identical to those in the initial complaint. The Defendants clearly have fair notice of the allegations and relief sought. *Id.*

Plaintiffs have attached for the Court's review their proposed First Amended Complaint which reflects, in Counts I through III, the change from New York law to the law of the District of Columbia. See Attachment I.

WHEREFORE, for the foregoing reasons and on the reasons in the accompanying points and authorities, Plaintiffs respectfully request leave to amend the Complaint by substituting claims under District of Columbia law for the same causes of action presently alleged under the laws of the State of New York.

Dated:  November 30, 2007                                          Respectfully submitted,


                                                                              /s/
                                                          _____

        Emil Hirsch (D.C. Bar #903479)
        Paul L. Knight (D.C. Bar #911594)
        O'Connor & Hannan, LLP
        1666 K Street, NW, Suite 500
        Washington, DC  20036
        Telephone:  (202) 887-1400
        Facsimile:  (202) 466-3215

        *Attorneys for Plaintiffs*

151778_1.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER WACHSMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. :06-00351 (RMU) |
| | ) |
| IRANIAN REVOLUTIONARY GUARD CORP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs submit the following facts and case law in support of their motion for leave to file their first amended complaint within which to substitute District of Columbia law for the currently utilized New York law.

1. The Complaint currently charges Intentional Infliction of Emotion Distress ("IIED") in Count I, a survival action in Count II, and a wrongful death claim in Count III, each under New York law. Plaintiffs seek leave to amend their complaint to charge these three claims, but now under District of Columbia law. There is very little difference between these two sets of laws, with the exception being in the District of Columbia's wrongful death statute which is slightly more restrictive in its scope.

This request to amend the complaint is made out of an abundance of caution and to provide clarity to the analysis of Plaintiffs' claims. For example, in *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74 (D.D.C. 2006), Judge Lamberth determined that District of Columbia law applied and did apply it even though the complaint did not mention or allege District of Columbia law. The Court determined that the

> "plaintiffs' original complaint is sufficiently detailed to provide fair
> notice of the claims: it delineates the claims asserted and the relief

1

> requested. For purposes of the complaint, it is not significant that the source of law underlying the causes of action may have changed. Courts have not construed the pleading requirements of Federal Rule of Civil Procedure 8 to require a plaintiff to recite specific source(s) of law in a complaint. *See MacIntosh v. Building Owners & Mgmt. Ass'n Int'l.*, 355 F. Supp. 2d 223, 228 (D.D.C. 2005) (Sullivan, J.) (citing Fed R. Civ. P. 8(f) for the proposition that "pleadings shall be construed so as to do substantial justice"). Consequently, this Court finds that plaintiffs are not required to amend their complaint.

Id. at 78.

While a Foreign Sovereign Immunities Act ("FSIA") complaint should designate whether a cause of action in being brought under either state, federal or foreign law, there is no requirement that a plaintiff identify the particular state that provides the cause of action when the complaint is filed. *Baker v. Great Socialist Peoples' Libyan Arab Jamahiriya,* 2006 WL 3208662 (D.D.C. Nov. 6, 2006) (Kessler, J.); *Dammarell v. Islamic Republic of Iran,* 370 F. Supp. 2d 218, 221-223 (D.D.C. 2005). The specific state's law relied on can be ascertained by defendants during discovery. *Id.* However, as this Court noted in *Simpson v. Socialist People's Libyan Jamahiriya*, 362 F. Supp. 2d 168, (D.D.C. 2005), the litigation may proceed more "efficaciously" if the law for the causes of action is stated. *Id.* at 183.

Moreover, as Defendants have failed to participate not only in this case but in every terrorism case before this Court since at least *Flatow v. v. Islamic Republic of Iran,* 999 F. Supp 1 (D.D.C. 1998), they (Defendants) cannot assert any prejudice to the minor amendments to the complaint proposed here.

2.   Plaintiffs herein are proposing to amend their complaint in accord with cases decided after their complaint was filed. In this matter, the Plaintiffs while American citizens, have little and often times have no contact with any particular U.S. state. In similar situations, two recent cases have concluded that in the absence of such contacts, the proper course is to

2

apply the laws of the forum jurisdiction, that is, to apply the laws of the District of Columbia. *See e.g., Haim v. v. Islamic Republic of Iran*, 425 F. Supp. 2d 56 (D.D.C. 2006) (plaintiff, an American residing in Israel, severely injured in terrorist bombing in Israel) and *Bodoff, supra,* 424 F. Supp. 2d at 83 (plaintiff, an American citizen residing in Israel, killed by a terrorist bombing in Israel).

    3.    Lastly, Plaintiffs propose to amend their complaint in order to fully explain the District of Columbia's wrongful death statute, 16 D.C. Code § 2701 and how it applies under the facts of this case in light of *Smith v. Hope Village, Inc.*, 481 F. Supp. 2d 1, 35 (D.D.C. 2007).

    4.    Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings once as a matter of course before being served with a responsive pleading". Rule 15(a)(2) provides that leave to amend a pleadings "shall be freely given where justice so requires. Fed. R. Civ. P. 15(a).

Dated: November 30, 2007        Respectfully submitted,

                                        /s/
                              Emil Hirsch (DC Bar No. 930479)
                              Paul L. Knight (DC Bar No. 911594)
                              O'Connor & Hannan, LLP
                              1666 K Street, N.W., Suite 500
                              Washington, D.C. 20006-2803
                              Telephone: (202) 887-1400
                              Facsimile: (202) 466-3215
                              Attorneys for Plaintiffs

151818_1.DOC