## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTHER WACHSMAN, Individually and as Personal Representative of the Estate of Nachshon Wachsman
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

MENASHE YECHEZKEL WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

YITZCHAK SHLOMO WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

URIEL WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

RAPHAEL WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

ELIAHU WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

CHAIM ZVI WACHSMAN
c/o ROLAND ROTH
33 Jaffa Street
Jerusalem Israel

        Plaintiffs,
  v.

Civil Action No. 1:06 CV 00351 (RMU)
Judge Ricardo M. Urbina

151816_1.DOC

ISLAMIC REPUBLIC OF IRAN
c/o Ministry of Foreign Affairs of the Islamic
Republic of Iran
Ebn e Sina Street
Emam Khomeini Square
Tehran, Iran

        And

IRANIAN MINISTRY OF INFORMATION
AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

        Defendants.

## FIRST AMENDED COMPLAINT

Plaintiffs Esther Wachsman, Individually and as Personal Representative of the Estate of Nachshon Wachsman, and her sons Menashe Yechezkel Wachsman, Yitzchak Shlomo Wachsman, Uriel Wachsman, Raphael Wachsman, Eliahu Wachsman and Chaim Zvi Wachsman, hereby sue the Islamic Republic of Iran, the Ministry of Information and Security of Iran, and the Islamic Revolutionary Guard Corps of Iran ("collectively Defendants"). In support of their causes of action, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331. The Defendants are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes. This action arises under the laws of the United States of America, the common and statutory law of the District of Columbia and the State of Israel.

2

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4).

3. This is an action brought by the immediate family of Nachshon Wachsman stemming from the October 1994, abduction, torture and murder of the then 19 year old Nachshon Wachsman in Bir Naballah, Israel by Hamas terrorists trained, sponsored and materially assisted by Defendants Islamic Republic of Iran ("Iran"), the Ministry of Information and Security of Iran ("MOIS") and the Iran's Islamic Revolutionary Guard Corps ("IRGC").

## THE PARTIES

4. Nachshon Wachsman, the decedent, was from the time of his birth a citizen of the United States. At the time of his death, he was a resident of Israel.

5. Plaintiff Esther Wachsman is the mother of Nachshon. She is a citizen of the United States as well as the State of Israel. She is a resident of the State of Israel, although she was raised in the State of New York.

6. Plaintiffs Menashe Yechezkel Wachsman, Yitzchak Schlomo Wachsman, Uriel Wachsman, Raphael Wachsman, Eliahu Wachsman, and Chaim Zvi Wachsman are the brothers of Nachshon Wachsman. Each was born a citizen of the United States and each now resides in the State of Israel.

7. In addition to bringing this action individually on Plaintiffs' own behalf, Plaintiff Esther Wachsman brings this action in her legal capacity as the duly appointed representative of the Israeli estate of Nachshon Wachsman.

8. Defendant Islamic Republic of Iran ("Iran") is a foreign state which has been designated since January 19, 1984 as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), and Section 620A of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371. Iran routinely provides material support and resources to Hamas, Hezballah, politico-paramilitary terrorist organization operating in the

Middle East. At all times relevant, Iran sponsored Hamas, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction, training and other assistance for its terrorist activities in Israel as well as in other parts of the Middle East which were undertaken to promote Islamic fundamentalism.

9.  Defendant Ministry of Information and Security of Iran ("MOIS") operates, *inter alia*, as an intelligence service and a conduit for terrorism, and functions both within and beyond Iran's territory. MOIS is an "agency or instrumentality" of Iran. At all times relevant to this action Hamas acted as an agent of Defendants Iran and MOIS respectively. At all times relevant to this action, MOIS, acted as an agent of the Islamic Republic of Iran and performed certain acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7). Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hamas for its terrorist activities in Israel, including the actions relating to Nachshon Wachsman's kidnapping, torture, captivity, and murder.

## BACKGROUND FACTS

10. On October 9, 1994, four Hamas terrorists, disguised as Orthodox Jews, abducted Nachshon Wachsman from a public street near Lod, Israel. At the time of his abduction, Nachshon Wachsman was a soldier in the Israeli Army. The said terrorists intended to kidnap and hold an Israeli soldier hostage, to be used by Hamas and Iran in an exchange for Hamas and Hizbollah terrorists held in Israeli prisons.

11. Prior to the abduction of Nachshon Wachsman, the Hamas operatives arranged (i) for the rental of a commercial van with Israeli license plates, (ii) the rental of a house in Bir Naballah, Israel, to hold the Israeli soldier that they would kidnap, (iii) the rental of a video camera, and (iv) the acquisition of disguises.

12.     After overpowering Nachshon Wachsman, on October 9, 1994 the Hamas terrorists handcuffed and blindfolded him, then took him to the rented safehouse in Bir Naballah.

13.     At the safehouse, a videotape was filmed of Nachshon Wachsman and one of his kidnappers, Salah A-Din Hassan Salem Jadallah ("Salah Jadallah") wherein Salah Jadallah read a list of demands and conditions for the release of Wachsman. The demands included the release of various Hamas and Hizbollah members imprisoned in Israel.

14.     On October 10, 1994, the said videotape was delivered to senior Hamas leaders who in turn released it to the media. The Hamas organization set a deadline of October 14, 1994 at 9 p.m. for Israel to respond to its demands.

15.     The kidnappers' demands were also delivered to the Red Cross in Beirut, Lebanon and broadcast on Al Quds Radio (the Ahmed Jibril led PLF-GC terror organization's radio station) in Damascus, Syria.

16.     During his captivity in the safehouse, Nachshon Wachsman was severely tortured and maltreated both physically and emotionally by his kidnappers and captors.

17.     On October 13, 1994, one of the Hamas terrorists who kidnapped Nachshon Wachsman was arrested by Israeli security forces. This terrorist disclosed the location of the safe house where Nachshon Wachsman was being held.

18.     On October 14, 1994, an Israeli military commando unit attempted to rescue Nachshon Wachsman. The unit's entry into the house was delayed by a fortified door. A gunfight ensued and the three Hamas terrorists who were holding Wachsman were eventually killed.

19. Nachshon Wachsman was found dead in the back room of the house. His arms and legs were shackled. His body had numerous injuries including burn sites and bite marks. He had been fatally shot numerous times at close range.

20. At all times relevant to this action, Iran, through its agent MOIS, provided material resources and support in the form of funding, training and direction to Hamas. In addition by providing said material resources and support, MOIS was acting within the scope of its agency on behalf of Defendant Iran.

21. The aforesaid willful, wrongful, intentional, outrageous malicious and reckless acts of Hamas members, whose acts were funded, directed and otherwise materially supported by Iran, through its agents Defendants MOIS and the IRGC, are acts for which officials and agents of the United States Government would be liable if such acts were carried out within the United States.

## COUNT I
### (District of Columbia Cause Of Action-Wrongful Death)
### 16 D.C. Code § 2701

22. The facts alleged in Paragraphs 1 through 21 are incorporated by reference as if fully alleged herein.

23. The acts of the Defendants alleged herein proximately caused the wrongful death of Nachshon Wachsman.

24. The Defendants would have been liable to Nachshon Wachsman, had he lived, for the injuries they inflicted upon him.

25. As a direct and proximate result of the wrongful death of Nachshon Wachsman, Plaintiff Esther Wachsman, as the mother and executor of the estate of Nachshon Wachsman, and other family members suffered damages including pecuniary loss, mental anguish emotional

6

pain and suffering, and the loss of society, companionship, comfort, education, protection, care, personal advice, counsel, services, and guidance.

26.     As a direct and proximate result of the wrongful death of Nachshon Wachsman, his mother and executor Esther Wachsman and his six brothers, all plaintiffs herein, have suffered damages including, but not limited to, loss of the Decedent's earnings and the loss of services which they might have received from the Decedent.

## COUNT II
### (District of Columbia – Statutory Survival Action)
### 12 D.C. Code § 101

27.     The facts alleged in Paragraphs 1 through 26 are incorporated by reference as if fully alleged herein.

28.     The acts of the Defendants alleged herein wrongfully caused the death of Nachshon Wachsman.

29.     The acts of the Defendants alleged herein have proximately caused Nachshon Wachsman conscious pain and suffering from his bodily injuries and mental anguish prior to his death and the loss of enjoyment of life. Such conscious pain, suffering and anguish before his death were sustained and extreme in nature. His mother also claims pecuniary loss for the amount of money Nachshon Wachsman would have accumulated over his expected lifetime and for his funeral expenses and lost earnings.

30.     Pursuant to the cause of action which Nachshon Wachsman had, but for his death, for said pecuniary losses, conscious pain, suffering, and mental anguish, is vested in Plaintiff Esther Wachsman, his mother and personal representative.

## COUNT III

### (Common Law of the District of Columbia – Intentional Infliction of Emotional Distress)

31. The facts alleged in Paragraphs 1-30 are incorporated by reference as if fully alleged herein.

32. The Defendants' acts of forcefully kidnapping Nachshon Wachsman, providing the media with video tapes of him being held by armed terrorists, holding him for ransom, and brutally murdering him while he was handcuffed and shackled (i) constitute extreme and outrageous conduct; (ii) were undertaken with an intent to cause the victims, namely the Plaintiffs herein, severe emotional distress; (iii) was directed at the Plaintiffs as the immediate family members; and (iv) proximately resulted in the actual infliction of severe emotional distress on Plaintiffs.

## COUNT IV
### (Israel's Wrongful Death)

33. The allegations contained in Paragraphs 1-32 are incorporated herein by reference.

34. Article 64 of the Israeli Civil Wrongs Ordinance (New Version – 1968)("Ordinance") provides a recovery for the Plaintiffs for an offense proscribed by the Ordinance, specifically the act(s) of willfully causing damage to a person.

35. The acts of the Defendants and of Hamas which caused Nachshon Wachsman to be abducted tortured, mistreated and murdered in the most gruesome manner and the other proximately caused injuries which said conduct, produced constitute willfully caused damage within the meaning of Article 64 of the Ordinance.

36. The same acts are actionable under the laws of the District of Columbia that had the Decedent lived, he would have, under Israel's wrongful death law, been entitled to recover for his injuries from the Defendants. Said cause of action is maintainable by Plaintiff Esther Wachsman as personal representative of Decedent's estate.

## COUNT V
### (Israeli Statutory Cause Of Action-Breach Of Statutory Duty)

37. The allegations contained in Paragraphs 1-36 are incorporated herein by reference.

38. Section 63 of the Ordinance gives rise to a cause of action for committing the civil wrong of Breach of Statutory obligation.

39. The aforesaid acts of the Defendants and of Hamas constitute violations of various statutorily imposed obligations, including but not limited to the following:

a.) the offense of aggravated assault, within the meaning of Section 382 of Israel's Penal Code.

b.) the offense of assault against a helpless person, within meaning of Section 368 C of Israel's Penal Code.

c.) the offense of causing aggravated intentional harm, within the meaning of Section 329 of Israel's Penal Code.

d.) the offense of murder, within the meaning of Section 306 of Israel's Penal Code.

e.) the offense of aiding a terrorist organization, within the meaning of § 99 of Israel's Penal Code.

f.) the offense of providing support to terrorist organization in violation of § 2 of Israel's Terrorism Prevention Ordinance (1948).

## COUNT VI
### (Israeli Tort Of Assault-Article 23 Of The Ordinance)

40. The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1-39 hereof.

41. Article 23 of the Ordinance gives rise to a cause of action under Israeli law for assault.

42. The acts of the Defendants and of Hamas in abducting, torturing and otherwise physically mistreating and abusing Nachshon Wachsman, while he was held by a terrorist group and lacked any ability to defend himself against such acts, constitute aggravated assault under Article 23 of the Ordinance.

## COUNT VII
### (Violation Of Israel's Basic Law: Human Dignity And Freedom)

43. The Plaintiffs incorporate herein by reference all material allegations contained in Paragraphs 1-42 hereof.

44. Israel's statutory Basic Law: Human Dignity And Freedom imposes a duty on the Defendants to safeguard the dignity, freedom and physical safety/integrity of Nachshon Wachsman.

45. The Defendants through their actions and the acts of Hamas violated the said statutory duty which proximately caused injury and damages to Nachshon Wachsman and to Plaintiffs as his immediate family members.

## REQUESTS FOR RELIEF

The Plaintiffs request this Court to grant the following relief:

1.      As to Count I, Plaintiff Esther Wachsman in her capacity as executor of the estate of Nachshon Wachsman demands judgment for (i) compensatory damages against the Defendants Iran, and MOIS, jointly and severally in the amount of $30,000,000.00, plus prejudgment interest from the date of Decedent's death(ii) the costs of this action.

2.      As to Count II, Plaintiff Esther Wachsman in her capacity as executor of the estate of Nachshon Wachsman demands judgment for (i) compensatory damages against the Defendants Iran, and MOIS  jointly and severally in the amount of $30,000,000.00, plus prejudgment interest from the date of Decedent's death,  (ii) the costs of this action.

3.      As to Counts III-VII, Plaintiffs demand judgment for compensatory damages in the total sum of $50,000,000.00 against Defendants Iran, and MOIS and IRGC jointly and severally, plus prejudgment interest from the date of Decedent's death  (ii) the costs of this action.

    4.      To grant such other and further relief as this Court deems necessary and appropriate.

Dated:  November 30, 2007        Respectfully submitted,

        /s/ Paul L. Knight
Emil Hirsch (DC Bar No. 930479)
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215
Attorneys for Plaintiffs