# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ESTHER WACHSMAN *ex rel.*          :
NACHSHON WACHSMAN *et al.*,        :
                                   :
         Plaintiffs,       :     Civil Action No.:    06-0351 (RMU)
                                   :
         v.                :
                                   :
ISLAMIC REPUBLIC OF IRAN *et al.*, :
                                   :
         Defendants.       :

## PLAINTIFFS' MOTION PURSUANT TO 28 U.S.C. § 1605A(c)(2)(A)

The Plaintiffs, ESTHER WACHSMAN, MENASHE YECHEZKEL WACHSMAN, YITZCHAK SHLOMO WACHSMAN, URIEL WACHSMAN, RAPHAEL WACHSMAN, ELIAHU WACHSMAN, and CHAIM ZVI WACHSMAN, through their undersigned counsel, hereby move this Court, as required by 28 U.S.C. § 1605A(c)(2)(A) to have this action treated in the Court's discretion as one which was originally filed under 28 U.S.C. § 1605A(c). For reasons, the Plaintiffs rely on their Memorandum Of Points And Authorities filed simultaneously herewith.

Respectfully submitted,

_____/s/_____

Emil Hirsch (DC Bar No. 902479)
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 887-1400
E-Mail: ehirsch@oconnorhannan.com

/s/ _____
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
(202) 887-1400
E-Mail: pknight@oconnorhannan.com

*Attorneys for Plaintiffs*

March 28, 2008

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTHER WACHSMAN *ex rel.*                :
NACHSHON WACHSMAN *et al.*,              :
                                          :
                    Plaintiffs,           :          Civil Action No.:    06-0351 (RMU)
                                          :
            v.                            :
                                          :
ISLAMIC REPUBLIC OF IRAN *et al.*,       :
                                          :
                    Defendants.           :

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION PURSUANT TO 28 U.S.C. § 1605A(c)(2)(A)

### INTRODUCTION

The filing of this motion is necessary out of an abundance of caution. This action was filed on February 28, 2006. Its filing postdated the D.C. Circuit's decision in Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024 (D.C. Cir. 2004) ("Cicippio-Puleo"). As a result, Plaintiffs did not assert in the original Complaint any substantive cause of action which relied on a right of action purportedly conferred by 28 U.S.C. § 1605(a)(7) and/or the so-called "Flatow Amendment." Instead, Plaintiffs asserted causes of action under the laws of the State of New York, customary international law and Israeli law.

The Defendants Islamic Republic of Iran ("Iran") and Iran's Ministry of Information and Security ("MOIS") were duly served on April 22, 2007. Neither appeared to defend this case. Accordingly, on July 6, 2007, this Court entered a default against both Iran and MOIS.

On August 22, 2007, the Plaintiffs moved this Court to enter judgment by default. In support thereof, the Plaintiffs subsequently submitted on November 30, 2007 their written

evidentiary proof accompanied by Plaintiffs' proposed Findings of Fact And Conclusions Of Law ("Proposed Findings").

On November 30, 2007, the Plaintiffs also filed their Motion For Leave To Amend The Complaint accompanied by a supporting memorandum, the proposed First Amended Complaint, and proposed Order (collectively "Leave Motion"). The Leave Motion was filed so as to substitute tort claims under District of Columbia law for the causes of action which Plaintiffs had originally asserted under the laws of the State of New York.

On January 21, 2008, this Court granted the Leave Motion. Accordingly, the First Amended Complaint is presently the pending Complaint before this Court. Like the original Complaint, it does not purport to set forth federal statutory causes of action which Cicippio-Puleo has rendered non-viable.

PRESENT LEGAL BACKGROUND

Two recent vintage developments frame the background for the adjudication of this action on the merits. Each development is discussed below in chronological order.

A.    The National Defense Authorization Act for Fiscal Year 2008

On January 28, 2008, the President of the United States signed into law the National Defense Authorization Act for Fiscal Year 2008, Pub. L. 100-181, § 1083 (2008) ("NDAA"). The NDAA contains provisions which function as amendments to the Foreign Sovereign Immunity Act's "terrorism exception" which were found at 28 U.S.C. § 1605(a)(7). The instant action was filed pursuant to the grant of subject matter jurisdiction found in 28 U.S.C. § 1605(a)(7). The NDAA provides that actions "brought under [28 U.S.C.] § 1605(a)(7) . . .[and which] as of [January 28, 2008,] [are pending] before the courts in any form shall, on motion made by Plaintiffs be given effect as if the action had originally been filed under section §

1605A(c) of the 28 United States Code." *See* NDAA § 1083(c).  The NDAA also creates a new

federal private right of action against a foreign state which is designated as a state sponsor of

terrorism.  This new right of action is codified at 28 U.S.C. § 1605(A)(c).  The instant motion is

timely filed, as it must be made within 60 days of January 28, 2008.

    B.    <u>The Court's February 28, 2008 Order and Findings Of Facts And</u>
                <u>Conclusions of Law Entered on February 28, 2008</u>

On February 28, 2008, this Court entered Findings Of Facts And Conclusions Of Law,

which denied without prejudice the Plaintiffs' Motion for Default Judgment ("Findings").  The

Court entered on the same day an Order and Judgment consistent with the Findings.

As a result of the Findings, this case is far along towards complete adjudication on the

merits.

In the Findings, this Court has made two critical choice of law determinations.

1.    That with the sole exception of the wrongful death claim, District of Columbia

law governs Plaintiffs' causes of action.  <u>See</u>, Findings, p. 16 – 17.

2.    That Israeli law governs the wrongful death claim asserted in this action.  <u>See</u>, <u>id.</u>,

p. 15 - 16.


In light of the factual determinations, and the conclusions of law already a part of the

Findings, as well as the critical choice of law determinations cited above, it is not necessary for

the Plaintiffs to rely on the new 28 U.S.C. § 1605(A)(c) private right of action provided for in the

NDAA.  Out of an abundance of caution, this motion has been filed.  The discussion below sets

forth in some detail the considerations which could inform this Court's decision as to whether

this case should be deemed filed under 28 U.S.C. § 1605(A)(c).

## ARGUMENT

### This Court Should Determine In The Exercise Of Its Discretion Whether To Treat This Action As If It Had Been Originally Filed Under 28 U.S.C. § 1605(A)(c)

As a practical matter, especially in light of the February 28, 2008 Findings, once Plaintiffs renew their Motion For Default Judgment,[1] this Court may proceed to adjudicate all of Plaintiffs' claims in Plaintiffs' favor under District of Columbia law and the Israeli law on wrongful death. If the Court does so, it is not necessary to rely on the private right of action created by 28 U.S.C. § 1605(A)(c). Plaintiffs would prefer that the Court rely on District of Columbia and Israeli law, as the Court has already labored to prepare the February 28, 2008 Findings. Therefore, the Plaintiffs do not wish to impose an additional burden on the Court to adjudicate federal statutory claims which Plaintiffs now have by virtue of the § 1605(A)(c) private right of action. In short, Plaintiffs' preference is to proceed along the path marked out by the February 28, 2008 Findings.

To the extent this Court determines in connection with its adjudication of the Plaintiffs' renewed Motion For Default Judgment and supporting submissions that the applicable laws of the District of Columbia and/or Israel are unclear, unsettled or impose legal barriers to Plaintiffs' recovery on their respective claims, this Court should then rely on § 1605(A)(c) to rest its decision as to any claim which is fraught with such legal difficulty.

Only this Court can ultimately determine whether resorting to a § 1605(A)(c) substantive cause of action is necessary in order to justify recovery by Plaintiffs, on their various claims.

---

[1] Plaintiffs are well on their way to securing the affidavits of physicians, a supplemental affidavit of Dr. Shaul Shay and documents which support Dr. Shay's conclusion of torture. Accordingly, the Plaintiffs renewed motion for judgment by default their additional evidentiary submissions and Amended Findings Of Facts And Conclusions Of Law will be filed before June 1, 2008. Plaintiffs' counsel are making all efforts to expedite the filing of these papers.

Therefore, the determination of whether to treat this action as one under § 1605(A)(c) may be held in abeyance until this Court adjudicates the entire merits of this action.

CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court determine in the exercise of its discretion whether to treat this action as one originally filed under 28 U.S.C. § 1605(A)(c).

Respectfully submitted,

_____/s/_____

Emil Hirsch (DC Bar No. 902479)
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 887-1400
E-Mail: ehirsch@oconnorhannan.com

/s/_____

Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
(202) 887-1400
E-Mail: pknight@oconnorhannan.com

*Attorneys for Plaintiffs*

March 28, 2008