

LevitanSharon & Co
Advocates & Notaries

Home    Firm Profile    Articles    Cases    Lectures & Seminars    Legislation    Links    Press    Contact

**Quick Navigation**
Home
Search
Contact Us
Site Map
Spotlight on



**The New Class Actions Law**
_____

## Tort Ordinance (New Version)

### Chapter One: Interpretation

1. Subject to the Interpretation Ordinance, this Ordinance will be interpreted in accordance with the principles of legal interpretation obtaining in England, and expressions used in it will be presumed, so far as is consistent with their context, and except as may be otherwise expressly provided, to be used with the meaning attaching to the corresponding expressions in English law and will be construed in accordance therewith.

2. In this Ordinance -

**"Parent"** includes grandparents and step-parents;

**"Animal"** includes birds, fish, insects and reptiles;

**"Wild animal"** - any animal that in Israel is not usually kept in captivity or under the control of man.

**"Child"** includes grandchild, step-child and a fetus, and any out of wedlock or adopted child; and in deducing any relationship which under the provisions of this Ordinance is included within the meaning of the expressions "Parent" and "Child" any born out of wedlock and any adopted person will be treated as the legitimate offspring of his mother and reputed father or, as the case may be, of his adopter;

**"Movable property"** - any inanimate object or any animal, and includes money, the produce of trees and vines, cereals, vegetables and other crops and water, whether severed from the land or not;

**"Employer"** - a person who, in relation to another, has complete control of the way in which such other performs his work for such person and is not himself subject to any similar authority in respect of the same work, and "employee" means any person whose work is so controlled: Provided that no person in the service of the State or of a local authority or of any other person will be deemed to be an employer or employee of anyone else in such service;

**"Immovable property"** - land, trees, houses, buildings, and walls or other constructions;

**"Damage"** - loss of life, or loss of, or detriment to, any property,

Case 1:06-cv-00351-RMU Document 24-16 Filed 08/01/2008 Page 2 of 25

comfort, bodily welfare, reputation or other similar loss or detriment;

**"Financial Loss"** - any actual loss or expense which is capable of estimation in money and of which particulars can be given;

**"Property"** - immovable or movable property;

**"Defendant"** includes a defendant to a counterclaim or cross-action;

**"Injury"** - any unlawful interference with a legal right;

**"Plaintiff"** includes a counter-claimant and a claimant in a cross-action;

**"Action"** - any civil proceeding before a court and includes a setoff and a counterclaim;

**"Occupier"** - any person lawfully occupying, or entitled against the owner thereof to occupy or use, any immovable property, and if there is no such person then the owner of such property;

#### Chapter Two: Rights and Liabilities in Tort

3. The matters in this Ordinance hereinafter enumerated will be civil wrongs, and subject to the provisions of this Ordinance, any person who suffers any injury or damage by reason of any civil wrong committed in Israel will be entitled as against the person committing or liable for such civil wrong to the remedy hereinafter specified.

4. An act which if repeated would not tend to establish an adverse claim and which is an act of which in the circumstances a person of ordinary sense and temper would not complain will not be deemed to be a civil wrong.

5. (a) It will be a defence in any action brought in respect of a civil wrong that the plaintiff knew and assumed or must be taken to have known and assumed the state of affairs causing the damage and voluntarily exposed himself or his property thereto.

(b) The provisions of this section will not apply to any action brought in respect of any civil wrong when such wrong was due to the non-performance of a duty imposed upon the defendant by any enactment.

(c) No child under the age of twelve years will be deemed to be capable of knowing or assuming such state of affairs or of voluntarily exposing himself thereto or of exposing his property thereto.

6. It will be a defence to any action brought in respect of a civil wrong other than negligence that the action disputed was committed in accordance with and under the provisions of any enactment or within the bounds of the legal authority or in reasonable belief and in good faith as to the existence of legal authority; in this section "action" □ includes omission.

7. In sections 7A thru 7F -

"action" - includes omission;

"State employee" - including a state organ and any person who fulfills a public office on behalf of the State in accordance with an enactment, including persons serving in the Israel Defence Forces, Israel Police, Prison Services and other State security organizations, and other than on contract as denoted in section 15;

"public authority employee" - including an organ of a public authority and any person who fulfills a public office on behalf of a public authority as provided, and other than on contract as denoted in section 15;

"public employee" - an employee of the State or of a public authority, as the case may be;

"public authority" - local authority, and any corporation stablished under the law specified in the Addendum;

"government office" - a public office under the law as denoted in section 15(d)(2) of the Basic Law: The Judiciary.

7A. (a) A claim will not be brought against a public employee in respect of an action performed in the fulfillment of a government office as a public employee, forming the base of a liability for damages; this provision will not apply to such action knowingly committed with the intent to cause damage or carelessness of the possibility of causing said damage.

(b) The prescriptions of Subsection (a) will not derogate from the responsibilities of the State or a public authority in accordance with sections 13 and 14 and under the law.

(c) Immunity under this section will also apply to anyone who was a public employee when the action subject of the claim was carried out.

7B. (a) If a claim has been filed against a State employee for an action carried out while holding a public office as a State employee, and in a statement to the court the State has claimed immunity under section 7A in respect of the actions of the employee, if such action is committed, the State will be adjoined to the proceedings, if not adjoined as a defendant.

(b) If the State has requested in its notification in accordance with subsection (a) that the claim against a State employee be denied □ the claim against him will be denied, and the claim will be deemed as submitted against the State by virtue of its responsibility for the action of a State employee under sections 13 and 14, and the action of a State employee deemed as an action performed in the fulfillment of his duties.

(c) Notwithstanding the prescriptions of subsection (b) a claimant may request, within the period to be prescribed by ordinance, that the court rule that the conditions for immunity have not been met in accordance with article 7A; the court having thus ruled, the claim against a State employee will not be denied and the provisions of subsection (b) will not apply.

(d) In the event that the State does not submit such notice as prescribed in subsection (a) or does not request to reject the claim against an employee of the State as prescribed in subsection (b), the employee of the State may request, within a period to be prescribed by ordinance, that the court rule that the conditions for immunity exist in accordance with section 7A; the employee having requested as aforesaid, the State will be adjoined to the proceeding, if it has not been adjoined as defendant; in the event that the court has ruled that the conditions for immunity exist in Section 7A the claim against the State employee will be denied, and the prescriptions of subsection (b) will apply, mutatis mutandi; in the event that the court has ruled that a State employee committed the action while not fulfilling his office - the claim against the state will be denied.

(e) The court will decide on the claimants request as prescribed in subsection (c) or on a State employee's request as prescribed in subsection (d), immediately.


7C. (a) If a claim has been filed against an public authority employee with respect to an action performed while fulfilling his office as an employee of a public authority, the public authority or the employee may request, within a period to be prescribed in the ordinances, that the court rule that the conditions for immunity in accordance with section 7A are applicable to the employee's action, if such action was performed; if such a request has been filed, the public authority will be adjoined to the proceeding, if it has not been adjoined as a defendant, and the court will decide whether the conditions for immunity are applicable in accordance with section 7 A.

(b) If the court has ruled that the conditions for immunity are applicable in accordance with section 7A, the claim against the

public authority employee will be denied, and the prescriptions of section 7B(b) will apply, mutatis mutandi; in the event that the court has ruled that a public employee committed the action while not fulfilling his office - the claim against the public authority will be denied.

(c) The court will decide on the request of a public authority or employee as aforesaid in subsection (a), immediately.

7D. A public employee may be adjoined as defendant in a claim filed against the State or against a public authority accordingly, due to a action for which he would have been held responsible in the absence of the prescription of section 7A(a), or to preserve his position as a defendant in a claim filed against him, notwithstanding the prescriptions of sections 7A thru 7C.

7E. The Minister of Justice may, with the authorization of the Constitution, Law and Justice Committee of the Knesset, establish ordinances for performance of the prescriptions of sections 7B thru 7 D, including with respect to -

(1) legal procedures and rota;

(2) the requirement to notify the State or public authority of filing of a claim;

(3) the conditions for filing of notice by the State as aforesaid in section 7B(a), and the person authorized to approve its filing.

7F. (a) In the event that a public employee actions in severe contradiction to behavior appropriate to a public employee, notwithstanding the prescriptions of section 7A the State or the public authority, according to the case is entitled -

(1) if the employee has committed an action giving rise to tortious liability - is found liable for an action committed by the public employee - to compensation from him.

(b) In proceedings concerning compensation in accordance with this section, compensation will be in an amount to be decided upon by the court as just and fair.

8. No action will be brought against any person constituting, or being a member of, any court or tribunal or against any person lawfully performing the duties of any such person, or against any other person performing judicial functions, including an arbitrator, in respect of any civil wrong committed by him in his judicial capacity.

9. (a) No action will be brought against any person in respect of any civil wrong committed by such person when such person was under the age of twelve years.

(b) A person under the age of eighteen years may sue and, subject to the provisions of Subsection (a), be sued in respect of a civil wrong; Provided that no action will be brought against any such person in respect of any civil wrong when such wrong arises, whether directly or indirectly, out of any contract entered into by such person.

10. A corporate body will not recover any compensation in respect of any civil wrong unless it has suffered damage thereby.

11. When each of two or more persons is liable under the provisions of this Ordinance for any act and such act constitutes a civil wrong, such persons will be jointly liable as joint civil wrong doers for such act and may be sued therefor jointly or severally.

12. For the purposes of this Ordinance, any person who joins or aids in, authorises, counsels, commands, procures or ratifies any act done or to be done, or any omission made or to be made, by any other person will be liable for such act or omission.

13. (a) For the purposes of this Ordinance, an employer will be liable for any act committed by his employee -

(1) if he has authorised or ratified that act;

(2) if it is committed by his employee in the course of his employment; Provided that -

(i) an employer will not be liable for any act committed by any person not being another of his employees, to whom his employee has without his authority, express or implied, delegated his duty;

(ii) a person who is compelled by law to use the services of another person, in the choice of whom he has no discretion, is not liable for any act committed by that other in the course of such employment.

(b) An act will be deemed to have been done in the course of an employee's employment if it was done by him in his capacity as an employee and while he was performing the usual duties of and incidental to his employment, notwithstanding that the act was an improper mode of performing an act authorised by the employer; but an act will not be deemed to have been so done if is was done by an employee for his own ends and not on behalf of the employer.

(c) For the purposes of this Section, "act" includes "omission".

14. For the purposes of this Ordinance, any person who employs an agent, not being his employee, to do any act or class of acts on his behalf will be liable for anything done by such agent in the performance of, and for the manner in which such agent does, such act or class of acts.

Case 1:06-cv-00351-RMU   Document 21-16   Filed 08/01/2008   Page 7 of 25

15. For the purposes of this Ordinance, a person who enters into any contract with any other person, not being his employee or agent, to do any act on his behalf will not be liable for any civil wrong arising during the doing of such act. This provision will not apply in any of these cases:

(1) such person was negligent in the selection of such contractor;

(2) such person interfered with the work of the contractor in such a way as to cause the injury or damage;

(3) such person authorised or ratified the act causing injury or damage;

(4) such person was under any enactment responsible for the doing of an act the performance of which was delegated by him to an independent contractor;

(5) the thing for the doing of which the contract was entered into was unlawful.

16. Nothing in section 12, 14 or 15 will affect the liability of any person for any act committed by such person, and nothing in section 13 will affect the liability of any employee for any act committed by such employee.

17. Whenever under the provisions of this Ordinance it is necessary to allege or prove knowledge, the knowledge of an agent or of an employee will be deemed to be the knowledge of his principal or employer if such knowledge was acquired by the agent whilst acting for and on behalf of his principal, or was acquired by the employee in the course of his employment, in connection with the matter or thing in respect of which the knowledge is necessary.

18. No party to a marriage will be liable for any civil wrong committed by the other party thereto save under the provisions of sections 11 to 16.

19. (a) Subject to the provisions of this section, on the death of any person, all causes of action in respect of any civil wrong subsisting against or vested in him will survive against, or, as the case may be, for the benefit of, his estate.

(b) Where a cause of action survives as aforesaid for the benefit of the estate of a deceased person, the compensation recoverable for the benefit of the estate of that person will, where the death of that person has been caused by the act or omission which gives rise to the cause of action, be calculated without reference to any loss or gain to his estate consequent on his death, except that a sum in respect of burial expenses may be included.

Case 1:06-cv-00351-RMU   Document 21-16   Filed 08/01/2008   Page 8 of 25

(c) Where damage has been suffered by reason of any act or omission in respect of which a cause of action for a civil wrong would have subsisted against any person if that person had not died before or at the same time as the damage was suffered, there will be deemed, for the purposes of this Ordinance, to have been subsisting against him before his death such cause of action in respect of that act or omission as would have subsisted if he had died after the damage was suffered.

(d) The rights conferred by this Ordinance for the benefit of the estate of deceased persons will be in addition to, and not in derogation of, any rights conferred on the dependents of deceased persons by this Ordinance or any other enactment.

20. In the event of the insolvency of an estate against which an action may be brought by virtue of section 19, any liability in respect of the cause of action will be deemed to be a debt provable against the estate, notwithstanding that it is a demand in the nature of unliquidated damages arising otherwise than by a contract, promise or breach of trust.

21. Notwithstanding anything contained in the Bankruptcy Ordinance, 1936, a bankrupt may sue and be sued in respect of a civil wrong, but no action in respect thereof will be brought on behalf of, or against, the estate of any bankrupt: Provided that -

(1) the right of action in respect of any such wrong as caused pecuniary damage to the estate of a bankrupt will pass to or be exercised by his trustee;

(2) a judgment obtained against a bankrupt before the date of the receiving order, in respect of a civil wrong, will be provable in the bankruptcy;

(3) this Section will be subject to the provisions of Section 19.

22. The right to any remedy for, and any liability in respect of any civil wrong will not be transferable otherwise than by operation of law.

### Chapter Three: Civil Wrongs

#### Article One: Assault

23. Assault consists of intentionally applying force of any kind, whether by way of striking, touching, moving or otherwise, to the

person of another, either directly or indirectly, without his consent, or with his consent if the consent is obtained by fraud, or attempting or threatening by any act or gesture to apply such force to the person of another if the person making the attempt or threat causes the other to believe upon reasonable grounds that he has the present intention and ability to effect his purpose.

(b) **"Applying force"** - for the purposes of this Section, includes applying heat, light, electrical force, gas, odour or any other substance or thing whatever if applied in such a degree as to cause damage.

24. In any action brought in respect of any assault, it will be a defence if the defendant-

(1) acted for the protection from a threat to life, person, freedom or property of himself or another person, and that in so acting he did no more than was reasonably necessary for that purpose and the damage caused to the plaintiff by the assault was not disproportionate to the damage sought to be avoided;

(2) being the occupier of any immovable property, or acting under the authority of such occupier, used a reasonable degree of force in order to prevent the plaintiff from unlawfully entering upon such immovable property or to eject the plaintiff therefrom after he had unlawfully entered or remained thereupon; Provided that, if the plaintiff did not enter, or attempt to enter, upon such immovable property by force, the defendant will have requested the plaintiff to refrain from entering upon, or having entered upon, to depart from, such immovable property, and will have given the plaintiff a reasonable opportunity of peaceably complying with his request;

(3) being entitled to the possession of any movable property, used a reasonable degree of force in order to defend his possession thereof, or if the plaintiff has wrongfully taken or detained such movable property from him, the defendant used a reasonable degree of force to retake possession thereof from the plaintiff; Provided that, if the plaintiff did not take or attempt to take such movable property by force, the defendant will have requested the plaintiff. to refrain from taking, or having taken, to restore to the defendant, such movable property, and will have given the plaintiff. a reasonable opportunity of peaceably complying with his request;

(4) was acting in the execution of or lawfully assisting in the execution of any warrant of detention, search warrant, order of commitment, warrant of arrest or writ of attachment issued by any court or other authority having jurisdiction thereto, provided that the act complained of was authorised by such warrants even if there was a flaw in the warrant, or in granting it;

(5) that the plaintiff was of unsound mind or was suffering from infirmity of mind or body and that the force used was, or appeared to be, reasonably necessary for his own protection or for that of other persons and was exercised in good faith and without malice;

(6) that the plaintiff and defendant were both soldiers of the Israel

Defence Forces and the defendant acted under the authority of and in accordance with any law applicable to the Army;

(7) deleted;

(8) acted in good faith for what he had reason to believe to be for the benefit of the plaintiff but was unable before doing such act to obtain the consent of the plaintiff thereto, as the circumstances were such that it was impossible for the plaintiff to signify his consent or for some person in lawful charge of the plaintiff to consent on behalf of the plaintiff and the defendant had reason to believe that it was for the benefit of the plaintiff that he should not delay in doing such act.

25. Notwithstanding anything contained in this Ordinance, no principal or employer will be liable for any assault committed by his agent or employee unless he has expressly authorised or ratified such assault.

**Article Two: Imprisonment**

26. False imprisonment is the depriving of the liberty of any person, unlawfully and totally, for any period of time by physical means or by a show of authority.

27. In any action brought in respect of any false imprisonment it will be a defence to the defendant if he-

(1) was acting in the execution of or lawfully assisting in the execution of any warrant of detention, search warrant, order of commitment, warrant of arrest or writ of attachment issued by any court or other authority having jurisdiction thereto, provided that the act complained of was authorised by such warrants even if there was a flaw in the warrant, or in granting it;

(2) the plaintiff was detained in lawful custody in accordance with the provisions of any enactment;

(3) the plaintiff was of unsound mind or was suffering from some infirmity of mind or body and that the restraint was, or appeared to be, reasonably necessary for his own protection or for that of other persons and was exercised in good faith and without malice ;

(4) the act of which the plaintiff complains was an act for the non-performance of which the person performing such act would be liable to a penalty under the provisions of any enactment;

(5) the plaintiff and defendant were both soldiers of the Israel Defence Forces and that the defendant acted under the authority of and in accordance with any law applicable to the Army;

(6) the defendant was the parent, guardian or school master of the plaintiff or a person whose relationship to the plaintiff was similar to that of his parent, guardian or schoolmaster, and only temporarily deprived the plaintiff of his liberty for such time as was reasonably necessary for the purpose of correction.

28. Notwithstanding anything contained in this Ordinance, no principal or employer will be liable for the false imprisonment by his agent or employee or any other person unless he expressly authorised or ratified such imprisonment.

**Article Three: Trespass**

29. Trespass to immovable property consists of any unlawful entry upon, or any unlawful damage to or interference with, any such property by any person: Provided that no plaintiff will recover compensation in respect of trespass to immovable property unless he has sufferer pecuniary damage thereby.

30. In any action brought in respect of any trespass to immovable property, the onus of showing that the act of which complaint is made was not unlawful will be upon the defendant.

31. Trespass to movable property consists of unlawfully taking goods out of the possession of another or forcibly interfering with them while they are in his possession; Provided that no plaintiff will recover compensation in respect of any trespass to movable property unless he has suffered pecuniary damage thereby.

32. In any action brought in respect of any trespass to movable property, the onus of showing that the act of which complaint is made was not unlawful will be upon the defendant.

33. Interference with the property of another is not excused by mistake, even in good faith, as to the ownership or the right of possession, or by an intention to act for the true owner's benefit; However -

(1) a carrier or other person undertaking the carriage or custody of goods as a public service does not commit a trespass by dealing with goods in the ordinary way of that service and solely by the direction and on behalf of a person who delivers those goods to him for that purpose and whom he in good faith believes to be entitled to

deal with those goods;

(2) a workman or employee does not commit a trespass by dealing with any property in the ordinary way of his employment and in a manner authorised as between himself and his employer and which he in good faith believes his employer to be entitled to authorise.

34. The mere assertion of a right to deal with property or to prevent another from dealing with it is not a trespass.

### Article Four: Negligence

35. Where a person does some act which in the circumstances a reasonable prudent person would not do, or fails to do some act which in the circumstances such a person would do, or fails to use such skill or to take such care in the exercise of any occupation as a reasonable prudent person qualified to exercise such occupation would in the circumstances use or take, then such act or failure constitutes carelessness and a person's carelessness as aforesaid in relation to another person to whom he owes a duty in the circumstances not to act as he did constitutes negligence. Any person who causes damage to any person by his negligence commits a civil wrong.

36. For the purpose of section 35, every person owes a duty to all persons whom, and to the owner of any property which, a reasonable person ought in the circumstances to have contemplated as likely in the usual course of things to be affected by an act, or failure to do an act, envisaged by that section.

37. The duty under sections 35 and 36 of the owner or occupier of any immovable property in respect of the condition, maintenance or repair thereof will not obtain towards a person who entered the property as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong.

37A. (a) The duty under sections 35 and 36 in respect of the condition, maintenance, repair or use of a military zone will not obtain towards a person who entered it as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong and that the person in charge of that zone or the person acting on his behalf at the place of entry knew of his presence in the area at the time the damage was

Case 1:06-cv-00351-RMU    Document 20-6    Filed 08/01/2008    Page 19 of 25

caused.

(b) In this section, "**military zone**" means. -

(1) immovable property occupied by the Israel Defence Army or by some other branch of the Defence Establishment approved by the Minister of Defence for this purpose;

(2) immovable property used for a security purpose and at the entrance to which a guard has been posted or entry to which is restricted by a notice displayed outside it;

(3) immovable property on which installations are situated intended to prevent entry into or exit from Israel; for this purpose, a certificate from a person empowered in that behalf by the Minister of Defence that the installation is intended to prevent entry into or exit from Israel will be conclusive evidence of such fact.

(c) This section will only apply during a period in which a state of emergency exists in the State by virtue of a declaration under section 9 (a) of the Law and Administration Ordinance 1948.


38. In any action brought in respect of any damage in which it is proved that such damage was caused by any dangerous thing, other than fire or an animal, or by the escape of anything which if it escapes is liable to cause damage, and that the defendant was the owner of, or the person in charge of, such thing or the occupier of the property from which such thing escaped, the onus will be upon the defendant to show that there was no carelessness for which he is liable in connection with such dangerous thing or the escape of such thing.


39. In any action brought in respect of any damage in which it is proved that such damage was caused by, or in consequence of, any fire, and that the defendant kindled such fire or was liable for the kindling of such fire or was the occupier of the immovable property or the owner of the movable property on which such fire originated, the onus will be upon the defendant to show there was no carelessness for which he is liable in connection with the origin or spread of the fire.


40. In any action brought in respect of any damage in which the following two are proved:

(1) that such damage was caused by a wild animal, or by an animal, other than a wild animal, which the defendant knew, or must be presumed to have known, had a propensity to do the act which caused damage;

(2) that the defendant was the owner of, or the person in charge of, such animal, the onus will be upon the defendant to show that there was no carelessness for which he is liable in connection with such animal.

41. In any action brought in respect of any damage in which it is proved that the plaintiff had no knowledge or means of knowledge of the actual circumstances which caused the occurrence which led to the damage and that the damage was caused by some property of which the defendant had full control, and it appears to the court that the happening of the occurrence causing the damage is more consistent with the defendant having failed to exercise reasonable care than with his having exercised such care, the onus will be upon the defendant to show that there was no negligence for which he is liable in connection with the occurrence which led to the damage.

### Article Four 1: Damage Caused by a Dog

### (Added 1992)

41A. In any action brought in respect of any damage to person caused by a dog, the owner of which, or the person regularly in charge of which (hereinafter: **the owners**), must pay retributions to the injured person, whether or not the owners were negligent.

41B. In a claim under this Section the there will not be a defence to the owners unless the damage was caused by one of the following:

(1) the injured person provoked the dog;

(2) the injured person attacked the owner, the owner's spouse, parent or child;

(3) the injured person trespassed the owners immovable property.

41C. This provisions of this Article will not derogate from any rights according to this Ordinance or any other Law.

### Article Five: Nuisances

42. A public nuisance consists of some unlawful act, or omission to discharge a legal duty, where such act or omission endangers the life, safety, health, property or comfort of the public or obstructs the public in the exercise of some common right.

43. No action will be brought in respect of a public nuisance save -

(1) by the Attorney General or his representative for injunction;

(2) by any person who has suffered pecuniary damage thereby.

44. (a) A private nuisance consists of any person so conducting himself or his business or so using any immovable property of which he is the occupier as materially to interfere with the reasonable use and enjoyment, having regard to the situation and nature thereof, of the immovable property of any other person; Provided that no person will recover compensation in respect of any private nuisance unless he will have suffered damage thereby.

(b) The provisions of this section will not apply to any interference with daylight.

45. It will be a defence to any action brought in respect of any private nuisance that the act complained of was done under the terms of any covenant or contract binding upon the plaintiff which inures for the benefit of the defendant.

46. It will not be a defence to any action brought in respect of a private nuisance merely that the nuisance existed before the plaintiff's occupation or ownership of the immovable property affected thereby.

47. The provisions of Sections 42 to 46 will be in addition to, and not in derogation of, any provisions as to nuisance laid down by any other enactment.

48. Any person who, by any obstruction or otherwise, prevents the enjoyment by the owner or occupier of any immovable property of a reasonable amount of daylight, having regard to the situation and nature of such immovable property, when such light has been continuously enjoyed by such owner or occupier or his or their predecessors in title, otherwise than under the terms of any covenant or contract, for a period of not less than fifteen years immediately preceding such obstruction or prevention commits a civil wrong.

48A. Where any property provides support to neighboring property, the doing of any thing which prevents or denies such support will be a civil wrong.

48B. Any such use of immovable property as is required in the public interest will not constitute a nuisance within the meaning of this article even if it causes damage to neighboring property or deprives the owner of neighboring property of the full enjoyment thereof,

provided that the damage remains within tolerable proportions and that the user takes reasonable steps to reduce it as far as possible. However, the Court may award compensation - either in the form of a one-time payment or of recurrent payments - if the owner of the property has suffered pecuniary damage.

**Article Six: Misappropriation**

49. Unlawful detention consists of the unlawful withholding of any movable property from any person entitled to the immediate possession thereof.

50. In any action brought in respect of any unlawful detention the onus of proving that the withholding was lawful will be upon the defendant.

51. In any action brought in respect of any unlawful detention the Court may, having regard to the circumstances of the case, order the return of the property detained in addition to, or in substitution for, any other remedy provided by this Ordinance.

52. Plunder consists in the defendant's wrongfully converting to his own use movable property to the possession of which the plaintiff is entitled, by taking it away, detaining it, destroying it, delivering it to a third person or otherwise depriving the plaintiff of it.

53. In any action brought in respect of the plunder of any movable property it will be a defence that the defendant purchased such property in good faith in accordance with Section 34 of the Sale Law 1961.

54. In any action brought in respect of the plunder of any movable property the defendant will not by way of defence set up against the person entitled to the immediate possession of such property, the right of any third person.

55. In any action brought in respect of the plunder of any movable property the Court may, having regard to the circumstances of the case, order the return of the property plundered in addition to, or in substitution for, any other remedy provided by this Ordinance.

### Article Seven: Deceit

56. Fraud consists of a false representation of fact, made with the knowledge that it is false or without belief in its truth or recklessly, careless whether it be true or false, with intent that it will be acted upon by the person deceived; Provided that no action will be brought in respect of any such representation unless it was intended to and did deceive the plaintiff and he has acted upon it and has thereby suffered pecuniary damage.

57. No action will be brought in respect of a representation as referred to in Section 56, made in relation to the character, conduct, credit, ability, trade or dealings, of any person in order to obtain for him credit, money or goods, unless it is in writing and signed by the defendant himself.

58. (a) Injurious falsehood consists of the publication maliciously by any person of a false statement, whether oral or otherwise, concerning the trade, occupation or profession, or the goods, or the title to property, of any other person; Provided that no person will recover compensation in respect of any such publication unless he has suffered pecuniary damage thereby.

(b) For the purposes of this section, **"publication"** has the same meaning as it has in section 2 of the Defamation Prohibition Law 1965.

59. Canceled

### Article Eight: Malicious Prosecution

60. Malicious prosecution consists of actually, maliciously and without reasonable and probable cause, instituting or carrying on against any person criminal, bankruptcy or winding-up proceedings, where such proceedings caused scandal to the credit or reputation of, or possible loss of liberty by, such person, and terminated, if in fact they were capable of so terminating, in favour of such person; Provided that no action for malicious prosecution will be brought against any person by reason only that he furnished information to

some competent authority by whom any proceedings were instituted.

61. Notwithstanding anything contained in this Ordinance, no principal or employer will be liable for any malicious prosecution instituted by his agent or employee unless he has expressly authorised or ratified such prosecution.

### Article Nine: Causing Breach of Contract

62. (a) Any person who knowingly and without sufficient justification causes any other person to break a legally binding contract with a third person commits a civil wrong against such third person; Provided that such third person will not recover compensation in respect of such civil wrong unless he has suffered pecuniary damage thereby.

(b) For the purposes of this section, the relationship created by marriage will not be deemed to be a contract, and a strike or lockout will not be deemed to be a breach of contract.

### Article Ten: Breach of Statutory Duty

63. (a) Breach of a statutory duty consists of the failure by any person to perform a duty imposed upon him by any enactment other than this Ordinance, being an enactment which, on a proper construction thereof, was intended to be for the benefit or protection of any other person, whereby such other person suffers damage of a kind or nature contemplated by such enactment: Provided that such other person will not be entitled by reason of such failure to any remedy specified in this Ordinance if, on a proper construction of such enactment, the intention thereof was to exclude such remedy.

(b) For the purposes of this section, an enactment will be deemed to be for the benefit or protection of any person if it is an enactment which, on a proper construction thereof, is intended for the benefit or protection of that person or of persons generally, or of any class or description of persons to which that person belongs.

**Chapter Four: Fault**

64. "**Fault**" means any act of any person, or failure by any person to do an act, being a civil wrong under this Ordinance, or being a civil wrong if damage is caused thereby, or being carelessness which is the cause of damage to that person himself, and a person will be deemed to cause damage by his fault when the fault was the cause or one of the causes of the damage; Provided that such person will not be so deemed if one of the following applies:

(1) the damage was due to the happening of some extraordinary natural occurrence which a reasonable person would not have anticipated and the consequences of which could not have been avoided by the exercise of reasonable care;

(2) it was the fault of some other person which was the decisive cause of the damage;

(3) he is a child under the age of twelve years and is the person to whom the damage was caused after he had been invited or permitted by some other person, who caused the damage, to be upon any property upon or in connection with which the damage occurred, or to be so near to such property as in the usual course of things to be likely to be affected by the fault of that person.

65. Where a defendant has caused damage by his fault, but his fault was brought about by the conduct of the plaintiff, the court may exempt him from liability to pay compensation or may reduce the amount of compensation payable, as the Court may think just.

66. Where a plaintiff and a defendant have both caused the damage by their fault but the fault of the plaintiff was brought about by the conduct of the defendant, the court may increase the compensation which would have been payable by the defendant if section 64 had not been enacted to any amount not exceeding the amount which would have been payable by the defendant if the plaintiff had not caused the damage by his fault.

67. For the purposes of sections 64 to 66, references to the fault of any person (save where the context otherwise requires) include the fault of any other person for which the person first referred to in this section is liable.

68. (a) Where any person suffers damage as a result partly of his own fault and partly of the fault of any other person, a claim for compensation will not be defeated by reason of the fault of the person suffering the damage but the compensation recoverable in

respect thereof will be reduced to such extent as the court thinks right and just having regard to the claimant's share in the responsibility for the damage; Provided that this Subsection will not operate to defeat any defence arising under a contract, and where any contract or law providing for the limitation of liability is applicable to the claim, the amount of compensation recoverable by the claimant will not exceed the maximum limit so applicable.

(b) Where compensation is reduced by virtue of Subsection (a), the Court will find and record the total compensation which would have been recoverable had the claimant not been at fault.

(c) The provisions of sections 11 and 83 applies in any case where two or more persons are liable, or would, if they had been sued, be liable, by virtue or Subsection (a) in respect of the damage suffered by any person.

69. Where any person dies as a result partly of his own fault and partly of the fault of any other person and, if an action were brought for the benefit of the estate under Section 19, the compensation recoverable would be reduced under Section 68 (a), any compensation recoverable in an action brought for the benefit of the dependents of that person under Section 78 will be reduced to a proportionate extent.

70. Where, in any case to which Section 68 (a) applies, one of the persons at fault avoids liability to any other such person or to his legal personal representative by pleading any rule of prescription, he will not be entitled to recover any compensation or contribution from that other person or representative by virtue of the said Section.

### Chapter Five: Remedies for Civil Wrongs

71. Every civil Court will within the limits of its jurisdiction have power to grant remedies for civil wrongs in accordance with this Ordinance, subject to the provisions of any statute applying to such Court, and it may grant an injunction in respect of any civil wrong notwithstanding that no compensation or other relief is claimed or granted together therewith.

72. An injunction may be mandatory or prohibitory, temporary or perpetual.

73. Court will not grant a temporary in junction unless it is satisfied, by affidavit or otherwise, that there is a serious question to be tried

at the hearing, that there is a probability that the plaintiff is entitled to relief and that unless a temporary injunction is granted it will be difficult or impossible to do complete justice at a later stage.

74. Court will not grant an injunction when, in the opinion of the Court, the injury or damage to the plaintiff is small and is capable of being estimated in money and can he adequately compensated by a money payment and it would he oppressive to the defendant to grant an injunction; hut compensation may he awarded in any such case.

75. The provisions of Sections 72 to 74 will be in addition to, and not in derogation of, any of the powers exercisable by Courts as to injunctions under any other statute.

76. Compensation may be awarded either alone, or in addition to or in substitution for, an injunction; Provided that -

(1) where the plaintiff. has suffered damage, compensation will only be awarded in respect of such damage as would naturally arise in the usual course of things and which directly arose from the defendant's civil wrong;

(2) if the plaintiff has suffered pecuniary damage, no compensation in respect thereof will be awarded unless the plaintiff has given particulars of such damage in or together with his statement of claim.

77. (a) Subject to the provisions of Sections 83 to 85, no person who has recovered compensation or other relief in respect of any civil wrong, nor any person claiming through or under such person, will recover any further compensation in respect of such civil wrong.

(b) No person will recover any compensation or other relief in respect of any civil wrong if such civil wrong also constituted a breach of any contract, or of an obligation resembling those created by contract, and compensation for such breach of contract or obligation has been awarded by any court, tribunal or arbitrator to such person or to any person through or under whom such person claims.

(c) No person will recover any compensation in respect of any breach of contract, or of an obligation resembling one created by contract, if such breach also constitutes a civil wrong and compensation or other relief has been awarded for such civil wrong by any court to such person or to any person through or under whom such person claims.

78. Where the death of any person is caused by any civil wrong and such person would, if death had not ensued, have been entitled at the time of his death under the provisions of this Ordinance to compensation in respect of bodily injury caused to him by such civil wrong, the spouse, parent and child of such deceased person will be

Tort Ordinance New Version & The Leading Firm in Insurance. Page 22 of 25

Case 1:06-cv-00095-RML Document 2-16 Filed 08/01/2008 Page 22 of 25

entitled to compensation from the person responsible for such civil wrong.

79. An action for compensation under section 78 will be brought by the executor, administrator or heirs of the deceased person for the benefit of the spouse, parent and child, or such of them as may be in existence, of the deceased person. If no action is brought by such executor, administrator or heirs within six months of the death of the deceased person, any of the persons for whose benefit the action could have been brought by the executor, administrator or heirs may bring it in the name or names of all or any of them.

80. In an action under section 78, particulars will be given of the persons for whose benefit such action is brought, and of the pecuniary loss suffered by such persons respectively owing to the death of the deceased person; and compensation will be awarded in respect of the pecuniary loss which has been or will be actually suffered by them, including the burial expenses of the deceased person. After any costs not recovered from the defendant have been deducted from the amount of the compensation, the Court will, at the trial, determine the share of each of the persons entitled in the residual amount.

81. In assessing compensation the following will not be taken into account -

(1) any sum received or receivable on the death of the deceased under any contract of insurance;

(2) any sum paid or payable in respect of mourning for him.

82. (a) A person insured under Part Two of the National Insurance Law 1953 (hereafter in this Chapter referred to as "**the Law**") , including a dependent of such person, within the meaning of Section 22 (b) of the Law, who is entitled under this Ordinance, in consequence of one event, both to compensation from the employer and to a benefit under Part Two of the Law will have the amount of the benefit deducted from the amount of compensation which would be due to him from his employer but for this Section.

(b) For the purposes of this Section - "**benefit**" means the monetary value of a benefit, other than a benefit in kind, which has been or is due to be given under Part Two of the Law, and includes an injury benefit equivalent payable under Section 38 of the Law; a benefit reduced or denied in consequence of any act or omission on the part of the employee or not given by reason of an option for another benefit under the Law will be deemed to have been given, or to be due to be given, in full; provisions enacted by the Minister of Labour under Section 49 (b) of the Law for the capitalization of pensions or for the calculation of the monetary value of benefits in kind will apply also to the determination of the monetary value of benefits for the

purposes of this Subsection;

"**Employer**" means the person liable under the Law to pay contributions for an insured person and includes a person for whose acts the employer is liable under Section 13 of this Ordinance.

(c) In circumstances as referred to in Subsection (a), the employer will not, for the purposes of Section 70 of the Law, be regarded as a third party rights against whom are transferred to the National Insurance Institute.

83. (a) Where damage is suffered by any person as a result of a civil wrong, judgment recovered against a civil wrong doer liable in respect of that damage will not be a bar to an action against any other person who would, if sued, have been liable as a joint civil wrong doer in respect of the same damage.

(b) If more than one action is brought in respect of the same damage by the person by whom it was suffered, or for the benefit of the estate, or of the spouse, parent or child, of that person, against civil wrong doers liable in respect of the damage, whether as joint civil wrong doers or otherwise, the sums recoverable under the judgments given in those actions by way of compensations will not in the aggregate exceed the amount of the compensation awarded by the judgment first given which is not reversed on appeal, or as varied on appeal; and in any of those actions, other than that in which judgment is first given as aforesaid, the plaintiff will not be entitled to costs unless the Court is of the opinion that there was reasonable ground for bringing the action; where the judgment first given is given against an employer, within the meaning of Section 82, in circumstances as referred to therein, the amount of the compensation awarded by the judgment first given will, for the purposes of this subsection, be replaced by the amount which would have been awarded but for Section 82.

84. (a) Any civil wrong doer liable in respect of the damage may recover contribution from any other civil wrong doer who is, or would if sued have been, liable in respect of the same damage, whether as a joint civil wrong doer or otherwise, so, however, that no person will be entitled to recover contribution under this subsection from any person entitled to be indemnified by him in respect of the liability in respect of which the contribution is sought.

(b) In any proceedings for contribution under this Section, the amount of the contribution recoverable from any person will be such as may be found by the court to be just and equitable having regard to that person's responsibility for the damage; and the Court will have power to exempt any person from liability to make contribution, or to direct that the contribution to be recovered from any person will amount to a complete indemnity.

85. "**Civil wrong**" in sections 83 and 84 means a civil wrong whether

a criminal offense or not, and nothing in those sections will affect any criminal proceedings against any person in respect of any wrongful act or render enforceable any agreement for indemnity which would not have been enforceable if those sections had not been passed.

86. In assessing any compensation payable by reason of any civil wrong, any sum paid or payable under any contract of insurance in connection with such civil wrong will not be taken into account.

87. (a) If a successful plaintiff in an action brought against the proprietor of a newspaper in respect of the publication in such newspaper of defamatory matter makes it appear to the Court before which the action was heard that he is not able to procure satisfaction of the judgment by way of execution against the immovable or movable property of the defendant, it will be lawful for the court to order that the judgment be enforced against the signatories of any bond given by or on behalf of the defendant under Section 5(1) (d) of the Press Ordinance and to order execution to be levied against the security given by the signatories of such bond; Provided that the liability of the signatories will in no case exceed their liabilities under such bond.

(b) A plaintiff as referred to in Subsection (a) will serve on the Minister of Finance a copy of any order of the court made under this Section.

(c) The Minister of Justice may make regulations for regulating the practice and procedure and prescribing the fees to be paid in respect of any proceedings under this Section.

88. It will be no bar to any action in respect of a civil wrong, that the facts upon which such action is based constitute a criminal offense; but when, at any stage of the proceedings, it appears to the Court before which the action is pending that those facts constitute, or may constitute, a felony, the Court will stay further proceedings until it is satisfied that either those facts have been reported to the police or the police is aware of those facts.

89. For the purposes of the period of prescription in an action for a civil wrong, "the day on which the cause of action accrued" means -

(1) where the cause of action is an act or omission - the day on which such act or omission occurred or, if the act or omission continued, the day on which it ceased ;

(2) where the cause of action is damage caused by an act or omission - the day on which such damage occurred or, if the damage was not discovered on the day on which it occurred, the day on which the damage was discovered; Provided that in the latter

case the action will be barred by prescription unless it is brought within ten years from the day on which the damage occurred.

### Chapter Six: Miscellaneous

90. Nothing in this Ordinance will be deemed to affect any jurisdiction in Admiralty vested in any court in Israel, or the provisions of the Civil Procedure Amendment (The State as a Party) Law 1958, or of an enactment repealed by it.

91. No court other than a Muslim Religious Court or a Tribal Court will award diyeh; and a Muslim Religious Court or a Tribal Court will not award diyeh in respect of any act if an award of compensation under this Ordinance has been made in respect of that act, and a court will not award compensation under this Ordinance in respect of any act if an award of diyeh has been made in respect of that act.

92.     The Minister of Justice, with authorization from the Constitution, Law and Justice Committee of the Knesset, may by order, amend the addendums.

93. This New Version will come into force on the 9th Tishri, 5729 (lst October, 1963).

### Addendum

### (Public Authorities)

- The Bank of Israel
- The National Insurance Institute
- The Employment Services

[ Back ]